## BRYANT ELECTRIC CO. v. RENO SALES CO., Inc.

(Circuit Court of Appeals, Second Circuit. December 6, 1926.)

No. 110.

Patents ⊜⟩328—Patent No. 1,181,046, claims 1, 2, and 11, for improved electric light switch, held invalid.

Tizley patent, No. 1,181,046, for improved electric light switch, claims 1, 2, and 11, *held* inválid for want of invention, in view of prior art.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by the Bryant Electric Company against the Reno Sales Company, Inc., for infringement of patent No. 1,181,046. Decree dismissing the bill of complaint, and plaintiff appeals. Affirmed.

For opinion below, see 16 F.[2d] 789.

Howson & Howson, of New York City, for appellant.

Geo. L. Wheelock, of New York City (Max W. Zabel and Zabel & Banning, all of Chicago, Ill., of counsel), for appellee.

Before MANTON and MACK, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

MANTON, Circuit Judge. The patent in suit is for an electric light switch. Its object is to provide an electric lamp switch, which may be disposed within a porcelain candle fixture of ordinary construction, and which may be operated from an end of the said porcelain candle fixture. Other objects of the invention are said to provide convenient means for operating the switch which will not impair the attractiveness of the fixture. Claims in suit are 1, 2, and 11, and are as follows:

"1. A candelabra switch, comprising a tubular wire conduit, an insulating switch body mounted at one end of said conduit, a hollow candelabra body incasing said switch and wire conduit, a rotary switch member ᐟ mounted on an axis extending transversely of the candelabra body, and means for operating the rotary switch, said means extending between the wire conduit and candelabra body to one end of the latter.

"2. A candelabra switch comprising a tubular wire conduit, an insulating switch body mounted at one end of said conduit, a hollow candelabra body incasing said switch and wire conduit, a rotary switch member mounted on an axis extending transversely of the candelabra body, and means extending between the wire conduit and candelabra body to one end of the latter, in combination with a lamp socket mounted on said insulating switch body substantially in line with the wire conduit, but at the opposite end of the switch body therefrom."

"11. A candelabra socket, comprising a tubular wire conduit, an insulating switch body mounted at one end thereof, socket terminals mounted on said switch body in extension of the wire conduit, a candelabra casing inclosing said switch and wire conduit, and a flexible switch-operating member ar-

ranged within said candelabra casing and concealed thereby, substantially as described."

The inventor says that, after examining all the constructions in this art, he found they were based upon the wrong principle, in that the switch and socket were separate from each other, and he conceived the idea that the ideal candle socket would be one in which the switch and socket were made unitary and mounted within the candle, so as to require only one set of connections and of supply wires. In construction it comprises a candelabra lamp socket, which is mounted upon an insulating plate, which insulating plate, together with its companion insulating plate, forms the basic structure for the switch mechanism. This switch mechanism is of rotary type, and is operable upon a horizontal axis. A flexible pull chain is adapted by successive actuations to make and break the circuit, which includes the lamp mounted in the socket. The insulating plates are suitably held in their proper position by conducting standards. The switch structure is mounted with a tubular wire conduit, which at its lower extremity is mounted upon the fixed pipe through which the conductors are led from the wall portion of the fixture to the candle portion.

These claims are not of a primary character. The switch mechanism is not involved in this suit. The appellant says that the invention is not in the construction of the switch, except that it shall be on a transverse axis. But the appellant contends that the invention consists in combining the switch and socket and mounting them within the candle casing. It is therefore the mounting of an old form of combined switch and socket structure within a candle casing, and with this limitation we think there was no inventive thought displayed. We held in Cutler-Hammer v. Beaver, 5 F.(2d) 457, that putting on an old form of electric switch into an old form of casing is not invention, nor will change of form or design, so as to make the device smaller, different in shape, or more compact, amount to invention.

The separate switch and socket mechanism, with entirely concealed means for operating it, is shown in the patent to Wagner, No. 761,563, and the patent to Stirn, No. 515,485, shows the pull chain or cord which operates the switch, which lies interiorly of the shell and exteriorly of the attaching nipple. The principle of the switch mechanism operable on the axis transverse to the casing for controlling the switch is shown in the Stirn patent, although not in like form.

The conception claimed by the inventor, that the ideal candle socket would be one in which the switch and socket are made unitary and mounted within the candle, so as to require one set of connections and supply wires, was then no patentable combination of the switching apparatus and its inclosing shell. Each performs its functions entirely unmodified by the other. Nor did the idea of incasing them within a porcelain or candle casing, with the pull chain arranged as described, amount to invention. The claim that the inventor "broke away from that old type, and solved the problem by mounting the switch and socket together as a unitary device within the candle casing, and providing a chain pull for the switch passing down into that casing" is an attempt by the patentee to assert a scope to the invention which is not found in its claims and which lacks invention. Hubbell v. American Brass Co. (C. C. A.) 296 F. 47.

Whatever may be the extent to which this type of porcelain casing has found its way in the market, it is not sufficient to overcome the apparent want of inventive thought.

Decree affirmed.